In the Matter of Disciplinary Proceedings Against Roger G. Merry, Attorney at Law.

Supreme Court

No. 84–069–D.  Filed October 2, 1984.
(Also reported in 355 N.W.2d 251.)

PER CURIAM.  *Attorney disciplinary proceeding; complaint dismissed.*

The referee, the Hon. William C. Sachtjen, reserve judge, recommended dismissal of the complaint of the Board of Attorneys Professional Responsibility (Board) charging Attorney Roger G. Merry with having communicated on the subject of the representation with a party he knew to be represented by counsel, in violation of SCR 20.38(1), and with having threatened criminal prosecution solely to obtain an advantage in a civil matter, in violation of SCR 20.39.  The referee found that

Attorney Merry's communications with his business partners either had been made in his personal capacity as president of the corporation or had been consented to by his partners' attorney. He also found that Attorney Merry did not threaten his business partner with criminal prosecution. Having concluded that the Board failed to prove its case by clear and satisfactory evidence, the referee recommended that the complaint against Attorney Merry be dismissed. We agree.

Attorney Merry was licensed to practice law in Wisconsin in 1981 and practices in Belleville. The alleged misconduct grew out of an ongoing business venture that proved unsuccessful. Attorney Merry and his wife entered into an agreement with a couple to operate a restaurant. Under the agreement, the couple was to manage and operate the restaurant. At the time the business agreement was reached, the couple was represented by independent counsel.

For the first six months the restaurant operated unprofitably, and in July of 1982 disputes arose between the Merrys and the couple concerning its operation. Attorney Merry, acting as president of the corporation, terminated the couple's employment, subject to rights under an employment agreement. In response, the couple threatened physical violence and stated an intention to take cash and liquor stock from the business in payment of their services.

The couple retained an attorney to represent them in the dispute, who asked Attorney Merry to stay away from the restaurant but made no specific requests that Attorney Merry have no contact with his clients. Attorney Merry advised the attorney that he would not stay off the premises, as he had the right to take his meals there and had a substantial personal and financial interest in the business. Over the next two weeks, the Merrys and the couple continued to deal with each other

directly regarding the operation of the restaurant. On two occasions Attorney Merry wrote to the couple and gave copies to their attorney.

On the advice of counsel, the couple paid themselves approximately $1,200 as wages out of the proceeds of the business. They did so without advising Attorney Merry, and their attorney had not advised Merry that his clients were doing so. When Attorney Merry discovered that the cash receipts were approximately $1,200 short, he reported what he believed to be a theft to the police. A police officer accompanied Attorney Merry to the couple's apartment not for the purpose of making an arrest but to prevent violence when Attorney Merry demanded cash register tapes for the relevant period. Subsequently, the couple's attorney drafted a grievance against Attorney Merry to be filed with the Board of Attorneys Professional Responsibility, and the Merrys commenced a civil action against the corporation and the couple. The matter was ultimately settled, apparently by the mutual release of all claims of the parties.

The referee found that Attorney Merry was not acting as counsel for the corporation, nor was he representing anyone other than himself and his wife as co-owners of the restaurant business. The referee also found no evidence that Attorney Merry had threatened criminal prosecution in order to resolve the dispute; the couple testified at the disciplinary hearing that they could not recall any threats from Attorney Merry to file a criminal action unless they paid the corporation what he believed they owed it. We accept the referee's findings of fact and conclusions of law, and we adopt his recommendation that the disciplinary complaint in this matter be dismissed.

IT IS ORDERED that the complaint alleging unprofessional conduct against Attorney Roger G. Merry is dismissed.